FILED

2016 Oct-28  PM 04:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

GINGER STRACENER,

      PLAINTIFF,

V.                                   CIVIL ACTION NO.

HARBOR FREIGHT TOOLS
USA, INC.,

      DEFENDANT.                        JURY TRIAL DEMANDED

## COMPLAINT

### I.    JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 2000e *et seq.* This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, *et seq.* (Title VII). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by Title VII providing for injunctive and other relief against sexual harassment and pendent state claims.

2.    Plaintiff timely her charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last

1

discriminatory act (Exhibit A).   Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## II.   PARTIES

3.   Plaintiff, Ginger Stracener, hereinafter "Plaintiff," is a citizen of the United States, and a resident of Boaz, Etowah County, Alabama.   Plaintiff was formerly employed by Defendant.

4.   Defendant, Harbor Freight Tools USA, Inc. (hereinafter "Defendant") is registered and doing business in the State of Alabama and is an entity subject to suit under Title VII.   Defendant employs at least fifteen (15) persons.

## III.   STATEMENT OF THE FACTS

5.   Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 4 above.

6.   Defendant hired Plaintiff on December 30, 2015.

7.   Defendant employed Plaintiff at its store location on Hwy. 431 in Boaz, Alabama.

8.   Defendant's Store Manager, Stewart Russell, hired Plaintiff.

9.   At all times while employed with Defendant, Plaintiff performed her job duties in a competent or better manner.

## IV.   COUNT ONE – Title VII – Sexually Hostile Work Environment

10.   Plaintiff hereby incorporates by reference each of the allegations

2

contained in paragraphs 1 through 9 above.

11.    Plaintiff is a female.

12.    Almost immediately after Russell hired Plaintiff, he began to sexually harass Plaintiff.

13.    Russell's sexual harassment consisted of sexual gestures, touchings, inappropriate text messages that included pictures of himself half naked and sexual comments.

14.    Plaintiff called Defendant's "hotline" telephone number to report Russell's sexual harassment on two separate occasions.

15.    Plaintiff left her name and number so Defendant could make a return telephone call.

16.    Defendant did not return Plaintiff's telephone calls.

17.    Plaintiff wrote a letter explaining that Russell was sexually harassing her.

18.    Defendant employed Greg Tanner as an assistant manager.

19.    Tanner worked a different shift than Plaintiff.

20.    Plaintiff left the letter for Tanner to read.

21.    Plaintiff's letter explained to Tanner that Russell was sexually harassing Plaintiff.

22.    Defendant constructively discharged Plaintiff when Defendant did not

return her phone calls from the hotline and Tanner did not speak with her about the sexual harassment.

23.    Plaintiff ceased working for Defendant due to Defendant constructively discharging Plaintiff because it failed to stop the sexual harassment committed by Defendant's top management official at the U.S. 431 location.

24.    Defendant created a sexually hostile work environment through Russell subjecting Plaintiff to gestures, touchings, inappropriate text messages and comments that occurred on a daily basis.

25.    Throughout the course of her employment with Defendant, Russell's actions subjected Plaintiff to a sexually hostile work environment.

26.    Plaintiff complied with Defendant's policies regarding reporting the sexual harassment by telephoning both the hotline number and submitting a written complaint to the assistant manager, Tanner.

27.    Despite Plaintiff's efforts to report the sexually harassing conduct, Russell continued to sexually harass the Plaintiff.

28.    Defendant failed to adequately train its management personnel in regards to prohibitions against sexual harassment of subordinates.

29.    Defendant's actions in failing to protect Plaintiff from a sexually hostile work environment created by Russell was a violation of Title VII.

30.    As a result of Defendant's violation of Title VII, Plaintiff has been

damaged, suffering mental anguish.

## V.    COUNT TWO – Assault and Battery

31.    Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 30 above.

32.    Russell, as an Agent of Defendant, subjected Plaintiff to offensive, non-consensual sexual touchings.

33.    Plaintiff's claims are brought against Defendant because of its knowledge of the actions committed its employee/agent, Russell.

34.    As a result of the assault and battery committed by Russell, Plaintiff has suffered damages in the form of mental anguish.

## VI.    COUNT THREE – Invasion of Privacy

35.    Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 34 above.

36.    Russell committed unwanted touchings and made sexually explicit comments and sent Plaintiff sexually explicit text messages that resulted in an invasion of privacy.

37.    Plaintiff's claims are brought against Defendant because of its knowledge of the actions committed its employee/agent, Russell.

38.    The unwanted sexual harassment of Plaintiff violated her personal bodily privacy by exposing her to unwanted touchings, sexual comments, and

inappropriate text messages.

39. Defendant authorized, ratified and/or condoned the actions of its employee/agent, which amounted to invasion of privacy.

40. By reason of each and every act of Russsell, Defendant subjected Plaintiff to an invasion of privacy, causing irreparable damage to Plaintiff by causing her to suffer physical distress and mental anguish.

41. Plaintiff has been damaged as a result of Defendant's actions, suffering mental anguish, together with loss of pay and benefits.

## VII.  COUNT FOUR – Tort of Outrage

42. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 41 above.

43. During the course of her employment, Defendant subjected Plaintiff to a sexually hostile work environment through the conduct of Russell.

44. Russell's comments to Plaintiff were sexual in nature.

45. Defendant authorized, ratified and/or condoned its employee/agent's actions, which amounted to the tort of outrage.

46. Plaintiff's claims are brought against Defendant because of its knowledge of the actions committed its employee/agent, Russell.

47. Plaintiff has been damaged as a result of Defendant's actions, suffering mental anguish, together with other compensatory damages.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A.      Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured by Title VII, and pendent state claims.

B.      Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant's request from continuing to violate Title VII and pendent state claims.

C.      Enter an Order requiring Defendant to make Plaintiff whole by awarding her front-pay, back pay (plus interest) compensatory damages, punitive damages, special damages, and/or nominal damages, injunctive and declaratory relief, and benefits.

D.      Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

_____
DAVID R. ARENDALL

_____
ALLEN D. ARNOLD

7

OF COUNSEL:

ARENDALL & ARNOLD
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
(205) 252-1550 – Office
(205) 252-1556 – Facsimile

## PLAINTIFF REQUESTS TRIAL BY STRUCK JURY

_____
OF COUNSEL

DEFENDANT'S ADDRESS:

Harbor Freight Tools USA, Inc.
c/o Agent for Service of Process
CSC Lawyers Incorporating Svc, Inc.
150 South Perry Street
Montgomery, AL 36104